UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist BRANDON J. SMITH
 United States Army, Appellant

 ARMY 20091065

 Headquarters, XVIII Airborne Corps and Fort Bragg
 Gary J. Brockington, Military Judge
 Colonel Thomas E. Ayers Staff Judge Advocate

For Appellant: Captain Shay Stanford, JA; Captain Sarah E. Wolf, JA (on
brief).

For Appellee: Major Christopher B. Burgess, JA (on brief).

 1 September 2010

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------

GIFFORD, Judge:

 Upon review of the case before us under Article 66, Uniform Code of
Military Justice [hereinafter UCMJ], we find appellant's guilty plea to the
Specification of Charge II improvident. In the Specification of Charge II,
appellant was charged with violating a lawful general order, in violation
of Article 92, UCMJ. The military judge failed to elicit a sufficient
factual basis to show that appellant wrongfully possessed adult pornography
and, in turn, establish a sufficient factual basis to demonstrate he
violated a lawful general regulation. We take appropriate action in our
decretal paragraph below. The remaining findings of guilty and sentence
are affirmed.

 Before this court rejects a guilty plea, the record of trial must show
a "substantial basis" in law and fact for questioning the plea. United
States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991). A military judge may not
accept a plea of guilty without accurately informing appellant of the
nature of his offense and determining that there is a factual basis for the
plea. United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); Rule
for Courts-Martial [hereinafter R.C.M.] 910(e). A providence inquiry must
establish the factual circumstances admitted by the accused objectively
support his guilty plea. United States v. Garcia, 44 M.J. 496, 497-98
(C.A.A.F. 1996) (citations omitted); R.C.M. 910(e).

 In the Specification of Charge II, appellant was charged with and pled
guilty to violating Headquarters, Central Command General Order Number 1B
[hereinafter CENTCOM GO 1B] by possessing adult pornography. At trial, the
military judge advised appellant of the elements of Article 92, UCMJ. In
relevant part, the military judge advised appellant that the third element
of the offense was that "on or about 28 January 2008, at or near Forward
Operating Base Farah, Afghanistan, APO AE 09354, you violated [CENTCOM GO
1B] by wrongfully possessing adult pornography." The military judge did
not define adult pornography.

 During the providence inquiry for the Specification of Charge II,
appellant acknowledged he possessed "adult pornography." Appellant did
not, however, even minimally identify or otherwise elaborate on how the
material he possessed depicted "adult pornography." Similarly, the
stipulation of fact appellant entered into pursuant to a pretrial agreement
did not describe why the material which appellant possessed, which was
described as "adult pornography," actually constituted "adult pornography."
 Although appellant appeared satisfied he possessed "adult pornography,” no
facts were elicited to establish why the material was, in fact, "adult
pornography." As a result, the facts were insufficient to establish
appellant's guilt for violating CENTCOM GO 1B.[1]

 We have reviewed the matters personally raised under United States v.
Grostefon, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

 The findings of guilty of Charge II and its Specification are set
aside. The remaining findings of guilty are affirmed. Reassessing the
sentence on the basis of the error noted and the entire record, and
applying the principles of United States v. Sales, 22 M.J. 305 (C.M.A.
1986) and United States v. Moffeit, 63 M.J. 40, 43 (C.A.A.F. 2006),
including the factors identified in Judge Baker’s concurring opinion, the
sentence is affirmed.

 Senior Judge CONN and Judge HOFFMAN concur.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] While the military judge inquired of appellant whether he was aware of
the results of a forensic analysis of his computer which revealed thousands
of "adult pornography" images—to which appellant responded in the
affirmative—that report was not included as evidence. Because the contents
of that report are unknown, we will not speculate whether its inclusion at
trial—in conjunction with all the other evidence—may have ultimately
satisfied the requirement for a sufficient factual basis for appellant's
guilty plea.