# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class ANTONIO V. SHINE**
**United States Army, Appellant**

ARMY 20140101

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Wade N. Faulkner, Military Judge (arraignment)
Gregory A. Gross, Military Judge (trial)
Lieutenant Colonel Mary E. Card-Mina, Acting Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Captain J. David Hammond, JA.

For Appellee:  Pursuant to A.C.C.A. Rule 15.2, no response filed.

22 December 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

PENLAND, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of absence without leave from his unit, one specification of failure to go to his appointed place of duty, and one specification of fleeing apprehension in violation of Articles 86 and 95, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 895 (2012).  The military judge sentenced appellant to a bad-conduct discharge, confinement for 180 days, forfeiture of $1,021.00 pay per month for six months, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 180 days, and reduction to the grade of E-1 and credited appellant with 154 days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant submitted the case on its merits.  Upon our review of the record, we hold the military judge abused his discretion by accepting appellant's pleas of guilty to

Specification 3 of Charge I (absence without leave from his unit) and the Specification of Charge II (fleeing apprehension).  We will provide relief in our decretal paragraph.

Appellant was convicted of, *inter alia*, the following charges and specifications:

> Charge I:  Violation of the UCMJ, Article 86.

> Specification 3:  In that [appellant], did, at or near Fort Sill, Oklahoma, on or about 4 July 2013, without authority, absent himself from his unit, to wit: Headquarters Detachment, 75th Fires Brigade, located at Fort Sill, Oklahoma, and did remain so absent until on or about 9 July 2013.

> Charge II:  Violation of the UCMJ, Article 95.

> The Specification:  In that [appellant], did, at or near Fort Sill, Oklahoma, on or about 16 July 2013, flee apprehension by running from a noncommissioned officer, a person authorized to apprehend the accused.

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea.  *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).  The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea.  *Id.*; *see also* UCMJ art. 45(a); Rule for Courts-Martial [hereinafter R.C.M.] 910(e).

During the providence inquiry involving Specification 3 of Charge I (absence without leave from his unit), the military judge and appellant engaged in the following exchange:[1]

> ACC:  4 July was simple-- it was a weekend, I remember that.  I was--this was my first time ever serving extra duty.

---

[1] There was no stipulation of fact in this case.

> I had not known--I did not know that I was supposed to report.
>
> MJ: Now, this isn't an FTR. This is another AWOL where you actually left your unit.
>
> ACC: On 4 July--it was the 4 July and I had assumed, at that time, no one had instructed me that I had to report that day. So, I had taken in to my own accord that I didn't have to show up that day.
>
> MJ: On the 4 July because it's a holiday?
>
> ACC: Yes, sir.
>
> . . .
>
> MJ: So you live on post?
>
> ACC: No, I lived off post, sir.

Appellant apparently believed that during the 2013 Independence Day weekend—beginning on Thursday, 4 July and ending on Sunday, 7 July—all soldiers in his unit were in a non-duty status, consistent with Army custom. Appellant considered himself similarly at liberty during this period. The military judge did not explore the sincerity and reasonableness of this mistaken belief. If an appellant "'sets up a matter inconsistent with the plea' . . . the military judge must either resolve the apparent inconsistency or reject the plea." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) (quoting UCMJ art. 45(a)). The types of inconsistencies contemplated by Article 45(a), UCMJ, include matters that reasonably raise the question of a defense. *See United States v. Goodman*, 70 M.J. 396, 399 (C.A.A.F. 2011) (citing *United States v. Roane*, 43 M.J. 93, 98 (C.A.A.F. 1995)). Appellant's apparent understanding that he was authorized to be absent between 4 July and 7 July, left unresolved by the judge, was inconsistent with his guilty plea to an unauthorized absence from his unit.

With regard to the period from Monday, 8 July to Tuesday, 9 July, we recognize that these may have been duty days for appellant and that appellant may have been absent without authority on these dates. However, while the military judge elicited some evidence that appellant was absent from his *place of duty* on 8-9 July, the judge did not elicit sufficient facts to establish appellant absented himself from his *unit*.

3

The military judge also accepted appellant's guilty plea to fleeing apprehension; however, the providence inquiry established instead that appellant escaped custody.

Escape from custody is substantively different from fleeing apprehension. *Compare MCM*, pt. IV, ¶ 95.b(4) (escape from custody), with ¶ 95.b(2) (fleeing apprehension). *See also United States v. Martucci*, ARMY 20090572, 2012 CCA LEXIS 44 (Army Ct. Crim. App. 27 Jan 2012) (summ. disp.) (per curiam). "Custody" is defined as:

> restraint of free locomotion imposed by lawful apprehension. The restraint may be physical or, once there has been a submission to apprehension or a forcible taking into custody, it may consist of control exercised in the presence of the prisoner by official acts or orders. Custody is temporary restraint intended to continue until other restraint (arrest, restriction, confinement) is imposed or the person is released.

*MCM*, pt. IV, ¶ 95.c(4)(a).

On the alleged date, appellant was ordered into pretrial confinement. In furtherance of that order, two non-commissioned officers (NCOs) escorted appellant during the execution of prerequisite tasks. After the NCOs informed him that he was going to pretrial confinement, appellant decided to run away and subsequently did so, escaping their custody. [2]

**CONCLUSION**

The findings of guilty of Specification 3 of Charge I and of Charge II and its specification are set aside and dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), we are confident the military judge would have adjudged the same sentence. The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been

---

[2] Even assuming, *arguendo*, that appellant was not in custody and that fleeing apprehension was the correct legal description of appellant's misconduct, the military judge did not elicit a factual basis from appellant to establish that anyone attempted to apprehend him.

deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Senior Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court