UNITED STATES, Appellant

v.

Roldan J. GARCIA, Senior Master Sergeant, U.S. Air Force, Appellee.

No. 95–5002.
Crim. App. No. 30702.

U.S. Court of Appeals for the Armed Forces.

Argued Jan. 30, 1996.

Decided Sept. 18, 1996.

For Appellant: *Captain Jane M.E. Peterson* (argued); *Colonel Jeffery T. Infelise* (on brief).

For Appellee: *Lieutenant Colonel Joseph L. Heimann* (argued); *Captain Robert E. Watson* (on brief); *Colonel Jay L. Cohen.*

*Opinion of the Court*

EVERETT, Senior Judge:

Garcia's guilty pleas at his general court-martial before a military judge alone at Hill Air Force Base, Utah, led the military judge to convict him of maltreating or oppressing a subordinate and committing an indecent assault on a subordinate (4 specifications each). *See* Arts. 93 and 134, Uniform Code of Military Justice, 10 USC §§ 893 and 934, respectively. The convening authority approved the sentence of a bad-conduct discharge, 4 months' confinement, and reduction to E–4. A divided Court of Criminal Appeals held that Garcia's pleas were improvident because of certain statements made by him during the providence inquiry, so they set aside the findings and sentence. 43 MJ 686 (1995).

Thereafter, the Acting Judge Advocate General sent the case to this Court, certifying a question whether the court below erroneously had found Garcia's pleas improvident. 42 MJ 408 (1995). *See* Art. 67(a)(2), UCMJ, 10 USC § 867(a)(2) (1989).

## I

The facts leading to the charges against Garcia were set out in the opinion below. 43 MJ at 687–89. The majority of the Court of Criminal Appeals rested its decision on Garcia's assertion during the providence inquiry that, at the time of his various acts with the two named female subordinates, he had believed that they had consented to his approaches, although, "look[ing] back on it," he realized that they had not. At one point, he attributed his mistaken belief as "probably due to the lateness and the alcohol and everything that I was feeling at the time." *See* 43 MJ at 690.

The Court of Criminal Appeals recognized that the military judge apparently had concluded that Garcia's mistaken belief was not reasonable. *See* discussion of mistake-of-fact defense, Part II, *infra.* They reasoned, however, that since Garcia himself never admitted as much, his pleas were improvident, citing *United States v. Adams,* 33 MJ 300, 303 (CMA 1991), and *United States v. Jemmings,* 1 MJ 414, 418 (CMA 1976), for the general proposition that "providence of a guilty plea rests on *what the accused actually admits on the record.*" 43 MJ at 689.

Predictably, Garcia defends the decision below. He points to the following statement as representative of several during the colloquy with the military judge that raised the mistake-of-fact defense: "I personally just thought [at the time] that she was [consenting] and that it wasn't unreasonable."

The Government, of course, challenges the holding of the Court of Criminal Appeals. It argues that, to whatever extent Garcia's statements raised the possibility of a mistake-of-fact defense, the military judge adequately resolved the matter and, further, that Garcia affirmatively acknowledged on the record that he did not claim the defense. Accordingly, the Government contends, there are no statements in the record that are in substantial conflict with the guilty pleas.

As a subplot, the Government and Garcia disagree on our standard of review in this appeal. The Government urges us to follow the same standard used by the appellate court below: Whether there is a substantial conflict raised in the record between Garcia's pleas of guilty and some allegedly inconsistent statements, *see United States v. Prater,* 32 MJ 433, 436 (CMA 1991). Garcia, on the other hand, contends that the question whether an affirmative defense was raised and/or resolved during his providence inquiry is a question of fact, pointing to the rare factfinding power of the Court of Criminal Appeals, which this Court does not enjoy, *compare* Art. 66(c) *with* Art. 67(c), UCMJ, 10 USC §§ 866(c) and 867(c) (1989). Garcia argues that we are bound by the finding of such fact by that court here "unless it is unsupported by the evidence of record or was clearly erroneous." *See United States v. Burris,* 21 MJ 140, 144 (CMA 1985).

■ Obviously, what Garcia said at trial is a question of fact, which we review only for clear error. Garcia stretches too far, however, when he seeks to bring within this purview the *legal characterization or consequences* of what he said—whether it was inconsistent or in substantial conflict with his pleas. In effect, our acceptance of Garcia's position would forever preclude this Court from reviewing a holding by the Court of Criminal Appeals—whether for or against an appellant—regarding whether a substantial conflict existed between a plea and statements made during a providence inquiry. Our law is well settled to the contrary, *see, e.g., United States v. Prater, supra;* and we are confident that Garcia would agree, had the court below held against him. Accordingly, we will proceed to review the issue before us as a mixed question of law and fact, testing the findings of fact for clear error and the conclusions of law *de novo. See United States v. Ayala,* 43 MJ 296, 298 (1995).

## II

■ "A providence inquiry into a guilty plea must establish, *inter alia,* 'not only that

the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea.' " *United States v. Higgins*, 40 MJ 67, 68 (CMA 1994), *quoting United States v. Davenport*, 9 MJ 364, 367 (CMA 1980). *Accord* RCM 910(e), Manual for Courts–Martial, United States (1995 ed.). If an accused "sets up matter inconsistent with the plea" at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea. Art. 45(a), UCMJ, 10 USC § 845(a); *see* RCM 910(h)(2). Once the military judge has accepted a plea as provident and has entered findings based on it, an appellate court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused's statements or other evidence of record. A "mere possibility" of such a conflict is not a sufficient basis to overturn the trial results. *Prater*, 32 MJ at 436.

▋ Reflecting commendable sensitivity to the integrity of every aspect of the guilty-plea process required at courts-martial, *see* Art. 45(a); *United States v. Care*, 18 USC-MA 535, 40 CMR 247 (1969), the Court of Criminal Appeals' majority in this case believed that Garcia's pleas could not because he had not admitted on the record that his belief as to his victims' consent was not reasonable. This somewhat places the cart before the horse, however.

During the providence inquiry, the military judge fully set out all the elements of the offenses to which Garcia had offered to plead guilty and obtained Garcia's assurance that they accurately described what he had done. Additionally, the inquiry adequately established a factual basis supporting each of those elements. Without more, Garcia's pleas would be provident.

As indicated earlier, though, there was more: Garcia represented that, at the time of each of his actions, he had believed that his victims consented. That, alone, does not raise the affirmative defense of mistake-of-fact, however. Neither type of crime charged against Garcia involved a particular specific intent (except as to Garcia's intent to

gratify his lust or sexual desires in committing the indecent assaults, which is not relevant here). *See* paras. 17b and 63b, Part IV, Manual, *supra*. Accordingly, the rule for general-intent crimes applies—that a successful mistake-of-fact defense must include not only a subjective belief of consent but also a belief that was "reasonable under all the circumstances." RCM 916(j).

We have read carefully the full providence inquiry, and we do not read it to contain any such claim of reasonableness by Garcia. His single reference to reasonableness during the colloquy with the military judge, mentioned earlier, was only a plaintive reference to what he subjectively had believed at the time; and, in context, it cannot be read fairly to claim objective reasonableness of his mistaken belief as to consent. Therefore, we agree with Chief Judge Dixon, dissenting below, who opined, after quoting the language set out below: "We have before us the situation Judge Cox was describing in [*United States v.*] *Penister* [, 25 MJ 148, 153 (CMA 1987) (concurring) ]." 43 MJ at 693. In *Penister*, Judge Cox wrote:

> Often an accused is reluctant to admit to a particular aspect of an offense. However, that should not vitiate his guilty plea if he recognizes that the evidence against him will prove the point, and he admits his guilt to the offense.
>
> We should not overlook human nature as we go about the business of justice. One aspect of human beings is that we rationalize our behavior and, although sometimes the rationalization is "inconsistent with the plea," more often than not it is an effort by the accused to justify his misbehavior.
>
> A good trial judge can usually sort out the guilty plea and determine if an accused is so pleading because he has committed the offense charged. A good military judge will also *make such a finding on the record*, which is the true purpose of Article 45.

Furthermore, we have considered the factual circumstances described by Garcia as to whether those circumstances themselves suggest reasonableness of Garcia's subjective be-

lief. The military judge concluded they did not, *see* 43 MJ at 689; now we agree.

In this light, we conclude that a mistake-of-fact defense never was raised by Garcia. Therefore, there was no necessity for Garcia expressly to disavow the objective reasonableness of his subjective belief in order to maintain his pleas—although a more probing inquiry by the military judge into the possibility of an affirmative defense and findings entered by the judge on the record would have provided a record that was free even of arguable error. *See United States v. Lee,* 16 MJ 278 (CMA 1983); *United States v. Jemmings,* 1 MJ 414 (CMA 1976); *United States v. Penister, supra* (Cox, J., concurring). In other words, we hold that there was no substantial conflict raised in the record between Garcia's guilty pleas and the factual circumstances that supported those pleas.

### III

The certified issue is answered in the affirmative. We hold that the Court of Criminal Appeals erred in ruling that Garcia's pleas of guilty were improvident.

The decision of the United States Air Force Court of Criminal Appeals is set aside, and the record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for further review.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.