WEBER, J.,
with whom HECKER, J., MITCHELL, J., and WIEDIE, J., join, concurring:
I agree our superior court ruled in United States v. Garcia, 44 M.J. 496 (C.A.A.F.1996) that mistake of fact can be an affirmative defense to a charge of maltreatment. Under Garcia, a successful mistake-of-fact defense to maltreatment must include not only a subjective belief of consent but also a belief that was reasonable under all the circumstances. Id. at 498. Garcia’s position is sound, since an accused who reasonably believed he had the consent of the other party has not formed a general intent to engage in “offensive” comments of a sexual nature. Manual for Courts-Martial (MCM), Part IV, ¶ 17.-c.(2) (2008 ed.). An honest and reasonable belief that the other person has consented to comments of a sexual nature therefore “goes to [an] ... element requiring only general intent or knowledge,” specifically the element that the accused was cruel toward or maltreated the other person. Rule for Courts-Martial (R.C.M.) 916(j). Mistake of fact as *603 to consent can be an affirmative defense to a charge of maltreatment.
I respectfully disagree with the majority in concluding the military judge was not required to instruct on this defense because it was not placed “in issue” by the facts of this ease. As the majority notes, a matter is considered “in issue” when “some evidence, without regard to its source or credibility, has been admitted upon which members might rely if they choose.” United States v. Lewis, 65 M.J. 85, 87 (C.A.A.F.2007) (quoting R.C.M. 920(e), Discussion). “Any doubt whether an instruction should be given should be resolved in favor of the accused.” United States v. Davis, 53 M.J. 202, 205 (C.A.A.F.2000). Here, the defense of mistake of fact as to consent was raised by “some evidence.” Most directly, SrA CH testified that she believed the appellant thought she was reciprocating his actions. Additional evidence supporting the conclusion that the defense was placed “in issue” includes the appellant’s statement that he believed a hug and kiss with SrA CH were mutual, SrA CH’s texting intimate pictures of herself with the appellant, and SrA AR’s testimony that she attempted to give the appellant the impression his text messages did not offend her and that she chose to “play along” with the messages. Trial defense counsel’s closing argument repeatedly asserted the two female Airmen welcomed the appellant’s actions, as demonstrated by their text messages to him, the pictures sent to him, their decisions to spend time with the appellant, and similar evidence.
The majority finds the appellant’s mistaken belief that SrA CH and SrA AR consented to his conduct was not objectively reasonable. However, that conclusion belongs to the members, not the military judge. Questions of objective reasonableness are normally questions of fact left to the members. See, e.g., United States v. Bellamy, 36 C.M.R. 115, 119 (C.M.A.1966) (holding law officer erred in failing to instruct on lesser-included offense to voluntary manslaughter, because “[wjhether a particular provocation has spent its force and what constitutes a reasonable time for cooling are ordinarily questions of fact for the jury; and the court cannot take it from the jury by assuming to decide it as a question of law.”) The question facing the military judge was simply whether the members might have relied on some evidence, however credible.
I do not believe the defense was required to separately introduce evidence of the objective reasonableness of the appellant’s consent to trigger the instruction requirement, as the majority requires. The majority agrees the defense elicited “some evidence” to indicate the appellant subjectively believed SrA AR and SrA CH consented to his actions. This same evidence also provides “some evidence” to support the objective component of a mistake of fact as to consent defense. Our superior court has held that for a general intent element in an indecent assault case, a mistake-of-fact defense (requiring both a subjective belief of consent and an objectively reasonable belief) was raised by “mixed message” evidence that the victim consented to and willingly participated in some of the sexual acts listed in the specification. United States v. DiPaola, 67 M.J. 98, 102 (C.A.A.F.2008). The Court held such consensual acts could be seen, in conjunction with a past sexual relationship, as creating a “mixed message” as to which acts were permissible and which were off-limits. Id. The DiPaola Court did not require defense counsel to separately introduce evidence of the reasonableness of the appellant’s mistake of fact, and neither should this Court.
My conclusion is reinforced by the fact that the military judge elected to instruct the members that evidence SrA CH or SrA AR consented could be considered as a factor in determining whether the appellant maltreated the Airmen. Military judges have “substantial discretionary power” in deciding whether to issue instructions, but the question of whether the military judge properly instructed the panel is a question of law we review de novo. United States v. Maynulet, 68 M.J. 374, 376 (C.A.A.F.2010). By electing to give this instruction, the military judge impliedly determined consent was placed “in issue.” If consent was placed in issue, mistake of fact as to consent was likely to have been placed in issue as well, particularly under the facts of this case. The military *604 judge’s decision not to issue an affirmative defense instruction was based on his legal determination that mistake of fact as to consent is not a defense to a charge of maltreatment, not a subjective call as to whether the evidence raised the issue. Under a de novo standard, I therefore would hold some evidence was introduced on the mistake of fact as to consent issue, and the military judge was required to give the instruction.
However, I would affirm the findings and sentence based on a finding that the military judge’s error was harmless beyond a reasonable doubt. As the majority convincingly explains, DiPaola does not control the issue of prejudice in this ease. The members, pursuant to the military judge’s instructions, considered evidence that SrA CH or SrA AR may have consented to the appellant’s actions, albeit not as an outright affirmative defense. They nonetheless convicted the appellant. I see no reasonable possibility the members would have decided any differently had they received a mistake-of-fact instruction, particularly considering the nature of the appellant’s misconduct.
In addition, even if the error in this case was not harmless beyond a reasonable doubt, I would reassess the sentence to the same sentence ultimately approved. The appellant was adjudged a sentence of a dishonorable discharge, confinement for 20 months, and reduction to the grade of E-l. In a significant act of clemency, the convening authority reduced the sentence to a bad-conduct discharge, confinement for only 4 months, and reduction to E-l. Applying the analysis laid out by our superior court in United States v. Winckelmann, 73 M.J. 11 (C.A.A.F.2013), I see no possibility the members would have adjudged any sentence less than that approved in this ease, even if the appellant was not convicted of maltreating the two Airmen.