# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 DAKOTA M. WOLF**
**United States Army, Appellant**

ARMY 20120385

Headquarters, I Corps (Rear) (Provisional) (convened)
Headquarters, I Corps (action)
Michael F. Walther, Military Judge
Colonel Kurt A. Didier, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison , JA; Major Richard E. Gorini, JA; Captain Matthew R. Laird, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Major Alison L. Gregoire, JA  (on brief).

25 February 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of failure to repair; one specification of going from his appointed place of duty; three specifications of absence without leave; four specifications of missing movement by design; and one specification of willful disobedience of a superior commissioned officer in violation of Articles 86, 87, and 90, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 887, and 890 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for nine months, and forfeiture of $994.00 pay per month for nine months.  The convening authority approved the adjudged sentence and credited appellant with 141 days confinement against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns four errors, one of which warrants relief.

In Specification 2 of Charge II, appellant was charged with missing the movement of his unit, Alpha Company. However, the providence inquiry established that he missed the movement of Charlie Company, or at the very least, a "follow-on company" different and distinct from Alpha Company. The judge never resolved this inconsistency or obtained appellant's agreement to such a change in the specification. *See United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) (citing UCMJ art. 45(a); Rule for Courts-Martial [hereinafter R.C.M.] 910(h)(2)); R.C.M. 603. Therefore, we find a substantial basis in law and fact to reject the plea. *See United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008); *Manual for Courts-Martial, United States* (2008 ed.), pt IV, ¶ 11.c.(2)(a).

The finding of guilty of Specification 2 of Charge II is set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Senior Judge LIND and Judge BORGERDING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2