# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## EDWARD T. ATULU
### ELECTRICIAN'S MATE SECOND CLASS (E-5), U.S. NAVY

## NMCCA 201400195
## GENERAL COURT-MARTIAL

**Sentence Adjudged**: 26 February 2014.
**Military Judge**: CAPT Colleen M. Glaser-Allen, JAGC, USN.
**Convening Authority**: Commander, Navy Region Mid-Atlantic, Norfolk, VA.
**Staff Judge Advocate's Recommendation**: CDR S.J. Gawronski, JAGC, USN.
**For Appellant**: Maj Michael D. Berry, USMCR.
**For Appellee**: CDR James E. Carsten, JAGC, USN; LT Ian D. Maclean, JAGC, USN.

**16 September 2014**

```
-----------------------------------------------------
                 OPINION OF THE COURT
-----------------------------------------------------
```

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of one specification of abusive sexual contact, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. The appellant was sentenced to confinement for 18 months and a

dishonorable discharge. The convening authority approved the sentence but, pursuant to the pretrial agreement, suspended all confinement in excess of 12 months for the period of confinement served plus 12 months thereafter.

In his sole assignment of error, the appellant asserts his plea was improvident due to the military judge's failure to resolve inconsistent matters raised during the appellant's unsworn statement. We disagree.

Having examined the record of trial, the appellant's assignment of error, and the pleadings of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

During the providence inquiry and in a stipulation of fact, the appellant admitted he used his hand to touch the penis of then-Electrician's Mate Second Class (EM2) RK, both over and under his clothing, while the appellant knew EM2 RK was asleep and had not consented to the touching. During the presentencing hearing, the appellant made an unsworn statement, including the following relevant portion: "This case has weighed, like heavily on me. Like I feel a lot of burden. I have attempted suicide, and kinds of stuff. But I felt like today has a purpose."[1] He went on to explain that one of the purposes was for him to apologize to his victim. There is no other evidence in the record about this purported suicide attempt and the military judge did not conduct further inquiry into it.

## Analysis

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "'Once the military judge has accepted a plea as provident and has entered findings based on it, an appellate court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused's statements or other evidence of record.'" *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007) (quoting *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996)). A "mere possibility" of such a conflict is not sufficient. *Id*.

---

[1] Record at 130.

In *Shaw*, the Court of Appeals for the Armed Forces similarly analyzed whether comments during an appellant's unsworn statement raised a substantial conflict with his pleas. *Id.* The appellant there described a brutal attack prior to the relevant misconduct, resulting in skull fractures, bruising and bleeding of the brain, a coma, and a subsequent psychiatric diagnosis of bipolar disorder. *Id.* at 461. The Court of Appeals for the Armed Forces nonetheless found this did not raise a substantial conflict with his pleas because there was nothing else in the record substantiating the appellant's statement or indicating either a lack of mental responsibility at the time of the offenses or mental capacity at the time of trial. *Id.* at 462-64. As such, the uncorroborated statement was insufficient to overcome two presumptions on which the military judge could reasonably rely: that the appellant was sane (*see* RULE FOR COURTS-MARTIAL 916(k)(3)(A), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2008 ed.)); and that his counsel was competent. *Shaw,* 64 M.J. at 463 (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984), and *United States v. Scott*, 24 M.J. 186, 188 (C.M.A. 1987)).

Likewise, we find the appellant's passing reference to a suicide attempt in his unsworn statement did not raise a substantial conflict with his plea. First, the statement itself speaks to the burden the appellant felt due to his impending criminal case, not his mental state at the time of the offense. Second, his statement, "But I felt like today has a purpose," indicates he moved on from this point and recognized the importance of seeing the case through completion. Third, nothing in the record substantiates this statement or indicates he had a condition impacting his mental responsibility at the time of the offense or competence to plead guilty.[2] The appellant was clear and consistent throughout his providence inquiry as well as the Stipulation of Fact that his conduct was willful and that he knew his conduct was wrongful.

Accordingly, we find that the military judge did not abuse her discretion by accepting the appellant's guilty pleas.

---

[2] Out of thoroughness, we note that the trial defense counsel in closing argument indicated the appellant had in the past "abuse[d] alcohol for the treatment of depression." Record at 138. It has not been alleged, nor do we find, that this statement by counsel raised a substantial conflict with the appellant's plea.

3

**Conclusion**

The findings and sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court