# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**D.C. KING, A.Y. MARKS, B.T. PALMER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**EVAN A. O'CALLAGHAN**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201500320**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 19 May 2015.
**Military Judge:** LtCol E.H. Robinson, Jr., USMC.
**Convening Authority:** Commanding Officer, Marine Wing Support Squadron 374, MAG 16, 3d MAW, MCAGCC, Twentynine Palms, CA.
**Staff Judge Advocate's Recommendation:** Col D.K. Margolin, USMC.
**For Appellant:** CAPT Bree A. Ermentrout, JAGC, USN.
**For Appellee:** LCDR Clay Trivett, JAGC, USN; Maj Tracey L. Holtshirley, USMC.

**22 March 2016**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

Pursuant to his pleas, a military judge convicted the appellant at a special court martial of three specifications of wrongful disposition of government property, one specification of stealing government property, and one specification of possession of stolen explosive materials which had been transported in interstate commerce, in violation of Articles 108, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 921, and 934. The military judge sentenced the appellant to confinement for 12 months, reduction to pay grade E-1, a bad-conduct discharge, and a reprimand. In light of *United States v. Murphy*, 74 M.J. 302 (C.A.A.F. 2015), and upon recommendation from the staff judge advocate, the convening authority disapproved the finding

of guilty to the word "explosives" in Charge I, Specification 1, and the Specification under Charge II. He then disapproved the reprimand and confinement in excess of nine months. Pursuant to the pretrial agreement, the convening authority granted a conditional waiver of the first six months of automatic forfeitures and approved the remainder of the sentence as adjudged.

The appellant now alleges that the military judge abused his discretion by accepting the appellant's pleas without sufficient inquiry into whether the appellant had financial difficulties that may have constituted an affirmative defense. We disagree and find no error materially prejudicial to the appellant's substantial rights and affirm the findings and sentence. Arts. 59(a), 66(c), UCMJ.

## Background

In 2010 the appellant began duty as a motor transport operator assigned to the Integrated Training Exercise onboard Marine Corps Air Ground Combat Center Twentynine Palms. Over a three-year period, starting in 2010, the appellant stole various military items, including M16 magazines, smoke grenades, training grenade fuses, pyrotechnic illumination signals, and cases of "Meals Ready to Eat." The appellant generally sold these items for profit, both in person and online.

During his providence inquiry, the appellant explained that the property he took belonged to the U.S. Government; that he had no authority to take or sell the property; that no one forced or coerced him into taking and selling the property; and that he could have avoided doing so if he had wanted to. The appellant's stipulation of fact stated the same. When asked to explain his crimes, the appellant blamed poor judgment. He indicated that before he got into trouble he did not appreciate the seriousness of taking and selling the property and that he thought "it was not a big deal." Chief Warrant Officer Two (CWO2) Buitrago testified during the sentencing hearing that the appellant had told him that the appellant was "experiencing a lot of financial issues."

## Analysis

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007) (internal quotation marks and citations omitted). This court will not reverse that finding and reject the plea unless we find "'a substantial conflict between the plea and the accused's statements or other evidence of record.'" *Id.* (quoting, *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996)). If, at any time during a guilty-plea proceeding, an accused presents evidence inconsistent with the plea, "the military judge must either resolve the apparent inconsistency or reject the plea." *Id.* (internal quotation marks and citations omitted). The military judge is not required to reopen providency or reject the plea simply because the evidence presents a "mere possibility" of an inconsistency. *United States v. Hayes*, 70 M.J. 454, 458 (C.A.A.F. 2012). "Not every mitigating statement or word requires further inquiry." *Id.*

The appellant asserts that CWO2 Buitrago's testimony raised the possibility of an affirmative defense of necessity or duress under R.C.M. 916(h), and that the military judge abused his discretion by accepting the appellant's pleas. Under the common law "[d]uress and

2

necessity are very closely related defenses." *United States v. Rockwood*, 52 M.J. 98, 112 (C.A.A.F. 1999) (citations omitted). In military courts the defense of duress applies when an accused committed his crimes because of a "reasonable apprehension" that if he did not, he or another person would immediately suffer death or serious bodily injury. *Id*. (quoting RULE FOR COURTS-MARTIAL 916(h), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). That reasonable apprehension must have been present and continued throughout the accused's commission of his misconduct. R.C.M. 916(h). The defense of necessity is not specifically enumerated in military law. *Rockwood*, 52 M.J. at 113. Generally the defense of necessity applies when an accused had a reasonable belief that certain circumstances made his criminal acts necessary, and that there was no alternative that would have caused lesser harm. *Id*.

Here, the evidence indicates that the appellant had financial issues. That evidence does not implicate an immediate threat to any person's safety, or any other circumstances that would make the appellant's misconduct necessary. At best, the testimony raises the mere possibility of a defense. This is weighed against the statements the appellant had already made: that he did not initially consider his conduct to be serious, and that he could have avoided committing the misconduct had he wanted to. The military judge did not abuse his discretion by accepting the appellant's pleas.

## Conclusion

The findings and the sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court