# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

## No. 201600025

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## DAVID B. OLSON
Seaman Apprentice (E-2), U.S. Navy
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Robert J. Crow, JAGC, USN.
Convening Authority: Commander, Navy Region Southeast, Naval Air Station, Jacksonville, FL.
Staff Judge Advocate's Recommendation: Commander Nell O. Evans, JAGC, USN.
For Appellant: Philip D. Cave, Esq.; Commander Chris D. Tucker, JAGC, USN; Lieutenant Jacqueline M. Leonard, JAGC, USN.
For Appellee: Lieutenant James M. Belforti, JAGC, USN; Lieutenant Jetti L. Gibson, JAGC, USN.

———————————

Decided 23 February 2017

———————————

Before CAMPBELL, FULTON, and HUTCHISON, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

HUTCHISON, Judge:

At an uncontested general court-martial, a military judge convicted the appellant, pursuant to his pleas, of two specifications of committing a lewd act upon a child and one specification of unlawful entry in violation of

Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b and 934. The convening authority (CA) approved the adjudged sentence of nine years' confinement, reduction to pay grade E-1, total forfeiture of pay and allowances, and a dishonorable discharge, but suspended all confinement in excess of three years pursuant to a pretrial agreement (PTA).

In his sole assignment of error, the appellant alleges that the military judge abused his discretion by accepting the appellant's guilty pleas without first inquiring into the appellant's mental capacity and responsibility or discussing the affirmative defense of lack of mental responsibility.[1] We disagree and conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred.  Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

On 1 March 2014, after a night of drinking, as the appellant walked to his ship, USS VICKSBURG (CG 69), he took a detour through the family housing area onboard Naval Station Mayport. He tried to enter several houses, hoping to "get free alcohol and meet people[,]"[2] until he came upon an unlocked door at the home Petty Officer D.R. shared with his six-year-old daughter, L.R. Petty Officer D.R. was not home but had left L.R. in the care of her grandfather. The appellant entered the home, carefully using his shirt sleeve to open the door so as not to "leave any fingerprints[,]"[3] made his way to L.R.'s bedroom, and fell asleep on her floor. Upon waking, he approached L.R. and touched her buttocks and thighs while she lay in her bed. He subsequently removed his pants and underwear, exposing his genitalia. After L.R. told him to leave, he hid in her closet for a short time, then fled from the house before L.R.'s grandfather came to check on her.

In April 2014, the appellant was first examined, pursuant to RULE FOR COURTS-MARTIAL (R.C.M.) 706, MANUAL FOR COURTS-MARTIAL, UNITED

---

[1] "THE MILITARY JUDGE ABUSED HIS DISCRETION BY FAILING TO INQUIRE INTO APPELLANT'S MENTAL CAPACITY AND RESPONSIBILITY, DISCUSS THE POSSIBILITY OF THE AFFIRMATIVE DEFENSE OF LACK OF MENTAL RESPONSIBILITY, AND SATISFY HIMSELF THAT APPELLANT'S TRIAL COUNSEL HAD FULLY EVALUATED THE POSSIBILITY OF THE AFFIRMATIVE DEFENSE, PRIOR TO ACCEPTING THE APPELLANT'S GUILTY PLEAS." Appellant's Brief and Assignment of Error of 1 Nov 2016 at 1.

[2] Record at 68.

[3] *Id.* at 69.

STATES (2012 ed.), by a neuropsychologist at Naval Hospital Jacksonville.[4] The R.C.M. 706 board concluded the appellant "did not suffer from a mental disease or defect which would affect his ability to appreciate the nature, quality or wrongfulness or criminality of his conduct or affect his inability to conform to the requirements of the law[,]" and that he was "able to understand the nature of the proceedings against him and to conduct and cooperate intelligently in the defense."[5]

At a second R.C.M. 706 board, conducted in December 2014, a psychiatrist again determined the appellant was able to appreciate "the nature and quality and wrongfulness of his conduct" at the time of the alleged misconduct.[6] However, this psychiatrist also determined that the appellant did "not have sufficient mental capacity to conduct or cooperate intelligently in his defense."[7] Following an R.C.M. 909(e) hearing, the appellant was committed to the custody of the Attorney General.

In July 2015, the Warden of the Federal Medical Center in Butner, North Carolina issued a "Certificate of Restoration of Competency to Stand Trial," certifying that the appellant was "able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense."[8]

At trial, the appellant entered into a stipulation of fact agreeing that he "did not at any time suffer from any mental defect or disease that caused him to commit the offenses to which he . . . plead[ed] guilty."[9] Before admitting the stipulation of fact into evidence, the military judge asked the appellant whether he read it, discussed it with his attorney, understood it, and believed everything in it was true and accurate. During presentencing, the appellant's father testified regarding treatment the appellant received at the Federal Medical Center, noting that the appellant had "re-found himself[,]" gotten "his mind back[,] and everything is in order."[10] After that testimony, the

---

[4] Appellate Exhibit (AE) VI. The report states that the examination occurred on 3 April 2013. However, given the fact that the appellant's misconduct did not occur until March 2014, it appears the date is simply a scrivener's error.

[5] *Id.*

[6] Defense Exhibit (DE) A at 2.

[7] *Id.*

[8] AE VIII at 2.

[9] Prosecution Exhibit 1 at 1.

[10] Record at 127.

military judge addressed the appellant's mental health with both government counsel and the appellant's civilian defense counsel:

MJ: Okay. And, for both counsel, I know the [appellant's] father just indicated that, you know, [the appellant] has mental illness, but both sides are in agreement that's all been addressed, and that [the appellant] is, you know, one, competent at the time of the—and I know it's in the record, at the time of the incident, as well as competent to stand trial here today. Both sides concur with that?

TC: Yes, your honor. Mental health issues versus . . . .

MJ: Correct.

TC: . . . . [M]ental disease or defect, according to the law.

CDC: Exactly. The two can co-exist.[11]

## II. DISCUSSION

We review a military judge's decision to accept or reject a guilty plea for an abuse of discretion. *United States v. Eberle,* 44 M.J. 374, 375 (C.A.A.F. 1996). A decision to accept a guilty plea will be set aside only where the record of trial shows a substantial basis in law or fact for questioning the plea. *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008). If evidence inconsistent with the plea is presented at any time during the proceeding, "the military judge must either resolve the apparent inconsistency or reject the plea." *United States v. Garcia,* 44 M.J. 496, 498 (C.A.A.F. 1996) (citations omitted). "The existence of an apparent and complete defense is necessarily inconsistent" with a guilty plea. *United States v. Shaw,* 64 M.J. 460, 462 (C.A.A.F. 2007). The "mere possibility" of a conflict between the plea and the appellant's statements or other evidence of record is not a sufficient basis to overturn the trial results. *Id.* (quoting *United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991)).

The appellant contends that the military judge failed to conduct an adequate providence inquiry to resolve a possible affirmative defense based on a lack of mental responsibility. Further, the appellant argues that there was "sufficient evidence" about the appellant's mental health "that should have alerted the military judge to make a deeper inquiry into [the appellant's] mental state at the time of the offenses charged."[12] We disagree that it was an abuse of discretion to not do so.

---

[11] *Id.* at 129.

[12] Appellant's Brief at 14.

We first note that "the military judge may reasonably rely on both a presumption that the accused is sane and the long-standing principle that counsel is presumed to be competent." *Shaw,* 64 M.J. at 463 (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984); *United States v. Scott*, 24 M.J. 186, 188 (C.M.A. 1987)). Therefore, when he conducted his inquiry pursuant to *United States v. Care,* 40 C.M.R. 247 (C.M.A. 1969), the military judge could "properly presume . . . that counsel ha[d] conducted a reasonable investigation into the existence of the defense" of "lack of mental responsibility." *Shaw*, 64 M.J. at 463. Moreover, the military judge was aware of the results of both the April 2014 and December 2014 R.C.M. 706 boards. Both examinations determined that, at the time of the misconduct, the appellant was not suffering from a mental disease or defect and could appreciate the nature, quality, and wrongfulness of his actions.

In *United States v. Miranda*, No. 201100084, 2011 CCA LEXIS 502, unpublished op. (N-M. Ct. Crim. App. 6 Sep 2011) (per curiam), *aff'd*, 71 M.J. 102 (C.A.A.F. 2012), we concluded that a military judge did not abuse his discretion in accepting a guilty plea despite references to post-traumatic stress disorder, adjustment disorder, and bipolar disorder in the appellant's unsworn statement. Although the military judge in *Miranda* did not expressly inquire into the "appellant's history of mental illness or its relation to the appellant's offenses," the military judge was aware of the existence and results of an R.C.M. 706 evaluation that concluded the appellant was mentally responsible for his conduct, *id.* at *2-4, and thus "was entitled to conclude that the appellant was mentally responsible and had discussed any mental responsibility defenses with his counsel." *Id.* at *6. The case at bar is strikingly similar.

Here, there was simply no conflicting or inconsistent medical evidence which the military judge was required to resolve. There was also no testimony or evidence presented during the *Care* inquiry or in presentencing that called into question the appellant's mental responsibility at the time of the charged offenses, or that contradicted the conclusions of the various mental health professionals who examined the appellant. Rather, the appellant testified consistently with what one would expect from someone who could appreciate "the nature and quality, or the wrongfulness of his conduct"—that he consciously unlawfully entered L.R.'s home, taking care not to leave fingerprints; inappropriately touched L.R. and exposed himself to her in order to satisfy his sexual desires; and then fled before being caught.[13] During a colloquy with the military judge regarding his level of intoxication as it related to his ability to form the specific intent to gratify his sexual

---

[13] DE A at 2.

desire, the appellant acknowledged that he was "aware of what [he was] doing at the time that [he] did it[.]"[14]

The uncontroverted conclusion of two separate R.C.M 706 boards that the appellant was mentally responsible at the time of his charged misconduct, along with the absence of any evidence contradicting those findings, convinces us that the military judge did not abuse his discretion and that the appellant has failed to establish a substantial basis in law or fact to question his pleas. Put simply, "[t]he military judge is not required 'to embark on a mindless fishing expedition to ferret out or negate all possible defenses or potential inconsistencies.'" *Miranda*, 2011 CCA LEXIS 502 at *8 (quoting *United States v. Jackson,* 23 M.J. 650, 652 (N.M.C.M.R. 1986)).

Finally, the appellant notes that the military judge also did not inquire into the appellant's "capacity to understand the nature of the proceedings against him or to conduct or cooperate intelligently in his own defense[.]"[15] However, he provides no argument in support of the contention that there was any need for the military judge to do so. Indeed, the whole of the appellant's brief focuses on the appellant's mental competency *at the time of the charged misconduct* and the potential for an affirmative defense. Regardless, we find any suggestion that the military judge abused his discretion by accepting the appellant's pleas without first ascertaining the appellant's mental competency to stand trial, to be meritless. Armed with the affidavit from the Federal Medical Center's Warden denoting the restoration of appellant's competency, as well as the assurances of both the appellant[16] and trial defense counsel that the appellant was "competent to stand trial here today,"[17] the military judge had no reason to believe that any mental condition precluded a provident guilty plea. Nor did the appellant's conduct during the *Care* inquiry or in presentencing, raise concerns that might have suggested to the military judge that the appellant lacked the capacity to plead or understand the terms of his PTA.

---

[14] Record at 79.

[15] Appellant's Brief at 3.

[16] Record at 65.

> "MJ: Okay. And do you agree you're not on any sort of medication right now?
>
> ACC: I'm on Tylenol, Your Honor.
>
> MJ: Tylenol? But are you completely coherent and able to appreciate everything that's going on in court here today?
>
> ACC: Yes, Your Honor."

[17] *Id.* at 129.

### III. CONCLUSION

The findings and the sentence as approved by the CA are affirmed.

Senior Judge CAMPBELL and Judge FULTON concur.

For the Court



R.H. TROIDL
Clerk of Court