# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

### No. 201600251

———————————————

### UNITED STATES OF AMERICA
Appellee

v.

### CHUKWUMA F. ONYEJIAKA
Staff Sergeant (E-6), U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Elizabeth A. Harvey, USMC.
Convening Authority: Commanding Officer, 8th Marine Corps
District, Western recruiting Region, Marine Corps Recruit depot,
San Diego, CA.
Staff Judge Advocate's Recommendation: Lieutenant Colonel J.V.
Munoz, USMC.
For Appellant: Captain James S. Kresge, USMCR.
For Appellee: Major Cory A. Carver, USMC; Lieutenant Megan P.
Marinos, JAGC, USN.

———————————————

Decided 21 March 2017

———————————————

Before CAMPBELL, HUTCHISON, AND GROHARING, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

GROHARING, Judge:

A military judge sitting as a special court-martial convicted the appellant, consistent with his pleas, of one specification of failing to obey a lawful order, four specifications of violating a lawful general order, one specification of

larceny, two specifications of adultery, and two specifications of wrongfully impeding an investigation, in violation of Articles 90, 92, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 892, 921, and 934 (2012). The military judge sentenced the appellant to reduction to pay grade E-1, 60 days' confinement, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged, but suspended confinement in excess of 30 days pursuant to a pretrial agreement.

In his sole assignment of error, the appellant contends the military judge erred when she failed to explain the defense of lack of mental responsibility after the appellant referenced an instance of "insanity" in explaining his misconduct. After carefully considering the pleadings and the record of trial, we find no error materially prejudicial to the appellant's substantial rights and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant became a recruiter and began his Recruiting Station Houston, Texas assignment on 2 June 2014. Over the course of the next 12 months, as a married man, he had multiple inappropriate relationships with prospective recruit applicants, which included engaging in oral and vaginal intercourse on multiple occasions. On 29 June 2015, the appellant drove a government vehicle to a local, civilian pharmacy, stole a Plan B oral contraceptive, and provided it to a prospective applicant who had told him she was pregnant. Upon learning that he was under investigation, the appellant then attempted to impede the investigation by asking two women to provide false information to the investigating officer.

On 25 March 2016, the appellant pled guilty to all of the pending charges. During the plea colloquy, when the military judge asked why he stole the Plan B oral contraceptive, the appellant replied, "I wasn't really thinking ma'am. It was just an instant [sic] of insanity."[1] The appellant now claims the military judge erred by failing to explain the defense of lack of mental responsibility after that response.

## II. DISCUSSION

### A. Assignment of error

A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007). A guilty plea is set aside where the record as a whole shows a substantial basis in law or fact for questioning the guilty plea. *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008). A substantial basis for questioning a guilty

---

[1] Record at 45.

plea exists where an accused "sets up matter inconsistent with the plea." Art. 45(a), UCMJ. Where an inconsistency is raised, the military judge must inquire further to "'either resolve the apparent inconsistency or reject the plea.'" *Shaw*, 64 M.J. at 462 (quoting *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) (quoting Art. 45(a), UCMJ)). "The existence of an apparent and complete defense is necessarily inconsistent" with a plea of guilty. *Id.*

The threshold question in the present case is whether the appellant's statements that he "wasn't really thinking" and had "an instan[ce] of insanity"[2] constitute a matter inconsistent with the plea, triggering a requirement that the military judge resolve the apparent inconsistency or reject the plea.[3] We hold they do not.

The record as a whole does not demonstrate a substantial basis in law or fact for questioning the guilty plea. The only evidence to support a claim of mental defect came from a statement of the appellant during the plea colloquy. There was no other evidence presented either during trial or after trial to indicate the appellant had a mental defect or suffered from a mental defect at the time of the offense. Likewise, nothing else in the record suggests that the appellant lacked the mental capacity to plead guilty. To the contrary, the record reflects the appellant knowingly and intelligently participated throughout the proceedings—including the plea colloquy and his lengthy unsworn statement wherein he took responsibility for his actions by explaining, in part, that he "lost [his] moral compass"[4] and that he "did what [he] did and [he] knew better."[5] The other evidence presented by the appellant during presentencing similarly provides no basis to support a mental defect.[6] Furthermore, the appellant never asserted, directly or indirectly, that he was unable to appreciate the nature and quality or wrongfulness of his actions.

The military judge was also able to observe the accused's demeanor throughout the proceedings. Having direct communication with and observation of the appellant allowed the military judge to better appreciate the significance of the providence inquiry responses in the full context of the accused's other statements, and all other matters presented at trial.

---

[2] *Id.* at 45.

[3] *See* Art. 45(a), UCMJ.

[4] Record at 70.

[5] *Id.* at 72.

[6] *See* Defense Exhibit B.

Moreover, neither the trial counsel, detailed trial defense counsel, nor civilian trial defense counsel raised any issue regarding the appellant's competency at any time. *See* RULE FOR COURTS-MARTIAL 706, MANUAL FOR COURTS-MARTIAL UNITED STATES (2012 ed.). "[A]bsent evidence to the contrary, the military judge may presume that counsel has conducted a reasonable inquiry into the existence of defenses, including defenses related to the mental health of the appellant." *United States v. Rojas*, No. 201400292, 2015 CCA LEXIS 209, at *8 unpublished op. (N-M. Ct. Crim. App. 14 May 2015) (citing *Shaw*, 64 M.J. at 463).

The military judge no doubt considered the appellant's statements as mere colloquialisms, given their context and the entirety of the record. Under the circumstances, the military judge's decision to not conduct further inquiry or question the competence of the accused was reasonable. Therefore, the military judge did not abuse her discretion by accepting the accused's pleas. Considering the record as a whole, we find no basis in law or fact for questioning the appellant's guilty plea.

## B. Court-martial order (CMO) issue

Although not raised by the parties, we note that the CMO erroneously states, "[p]ursuant to the terms of the pretrial agreement[,] the [appellant's] *service to confinement* was deferred on 25 March 2016."[7] (emphasis added). The parties actually agreed only that confinement adjudged in excess of 30 days would be deferred until the CA acted on the sentence. We test error in CMOs under a harmless error standard, *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998), and find the error here did not materially prejudice the appellant's substantial rights. However, as the appellant is entitled to accurate court-martial records, *id.*, we will order the necessary corrective action in the decretal paragraph.

### III. CONCLUSION

The findings and sentence, as approved by the CA, are affirmed. The supplemental CMO will reflect that the appellant's service to confinement in excess of 30 days was deferred from 25 March 2016 until 29 June 2016, when that confinement was then suspended pursuant to the pretrial agreement.

Senior Judge CAMPBELL and Judge HUTCHISON concur.

For the Court



R.H. TROIDL
Clerk of Court

---

[7] Special Court-Martial Order No. 04-2016 of 29 Jun 2016.