# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

## No. ACM 40657

_____

### UNITED STATES
*Appellee*

**v.**

### Tanner W. HAHN
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 19 September 2025

_____

*Military Judge*: Bradley J. Palmer (pretrial proceedings);[1] Dayle P. Percle (arraignment); Pilar G. Wennrich.

*Sentence*: Sentence adjudged 25 April 2024 by GCM convened at Joint Base McGuire-Dix-Lakehurst, New Jersey. Sentence entered by military judge on 21 May 2024: Dishonorable discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant*: Lieutenant Colonel Luke D. Wilson, USAF; Major Jordan L. Grande, USAF.

*For Appellee*: Colonel G. Matt Osborn, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Vanessa Bairos, USAF; Major Regina Henenlotter, USAF; Major Kate E. Lee, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, BREEN, and KEARLEY, *Appellate Military Judges*.

Judge BREEN delivered the opinion of the court, in which Chief Judge JOHNSON and Judge KEARLEY joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

[1] Pursuant to Article 30a, UCMJ, 10 U.S.C. § 830a.

_____

BREEN, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongfully possessing child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[2] The military judge sentenced Appellant to a dishonorable discharge, confinement for 12 months, total forfeiture of all pay and allowances for a period of 12 months,[3] and reduction to the grade of E-1. The convening authority took no action on the findings or the sentence.

Appellant raised one issue on appeal, which we have rephrased: whether the portion of Appellant's plea to wrongful possession of child pornography, involving possession of images of "a minor," was improvident. After carefully considering this issue, we find Appellant is not entitled to relief on this issue.

## I. BACKGROUND

Appellant was charged with two specifications alleging that, between on or about 2 December 2020 and on or about 3 November 2023, he wrongfully possessed child pornography in violation of Article 134, UCMJ. Specification 1 alleged possession of "digital images of a minor, or what appeared to be a minor, engaging in sexually explicit conduct, and that said conduct was of a nature to bring discredit upon the armed forces." Specification 2 alleged the wrongful possession of "obscene visual depictions of minors engaging in sexually explicit conduct that was transported via interstate commerce by a computer," in violation of 18 U.S.C. § 1466A(b)(1), an offense not capital.

Prior to trial, with the assistance of counsel, Appellant entered into a plea agreement with the convening authority, wherein Appellant agreed to plead guilty to the Charge and Specification 1, in exchange for the withdrawal and dismissal of Specification 2, without prejudice, and limitations on his sentence. As part of the plea agreement, Appellant also agreed to enter into a reasonable stipulation of fact concerning the facts and circumstances surrounding the offense to which he agreed to plead guilty. The stipulation of fact consists of five pages of agreed upon facts and one attachment. The attachment consisted of a computer disk containing 53 images and 14 videos of child pornography

---

[2] All references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] The Statement of Trial Results, as corrected, and entry of judgment both reflect "Forfeiture of all pay and allowances," and do not specify a specific number of months. Appellant claims no prejudice from this irregularity, and we find none.

that were found on Appellant's electronic devices and cloud storage. Appellant also agreed that the stipulation of fact and the attachment would be used to determine if he was guilty of the offense and for an appropriate sentence. Finally, he indicated that everything in the stipulation was true and correct to the best of his knowledge and belief.

Specifically, through the stipulation of fact, Appellant agreed that on 15 January 2023, a cloud storage provider contacted the National Center for Missing and Exploited Children (NCMEC), alleging that a phone number associated with Appellant uploaded suspected images of child pornography to a cloud storage account connected to Appellant. Based upon this information, NCMEC sent a tip to the Air Force Office of Special Investigations (OSI). OSI then obtained search warrants for Appellant's cloud service providers and his home and discovered 125 digital images and 38 video files containing apparent child pornography across two cloud storage accounts and two devices connected solely to Appellant. Excluding duplicates, 53 images and 14 video files contained apparent child pornography. After additional analysis, 32 images and 13 videos files were "actual child pornography." NCMEC positively identified 12 of these images and 3 of these videos as matches to known child pornography.

Based upon the stipulation of fact, Appellant also agreed that he obtained the images and videos by downloading them to a mobile device and then uploading them to his cloud storage accounts. The images and videos were "child pornography" because they contained "minors, or what appeared to be minors, engaged in sexual acts or lascivious exhibition of their genitals."[4] Finally, he confirmed that his conduct in possessing the images and videos was of a nature to bring discredit upon the armed forces because the possession of child pornography by a servicemember "diminishes the public's trust in the military."

The attachment to the stipulation of fact consisted of contraband containing 53 images and 14 videos saved into four separate folders. The stipulation of fact also described the contents of each folder as consisting of "minors, or what appear to be minors." Additionally, the description of the first folder also used the general terms by explaining "the images depict minors, or what appear to be minors engaging in sexually explicit conduct." However, an additional sentence within the same paragraph claimed that the images depict "sexual intercourse" involving "a minor and an adult male" and "a minor and another minor." The remaining folders were all described as containing images and videos of "minors, or what appear to be minors."

---

[4] We find it unnecessary to describe the graphic content of the files in further detail because we have reviewed them and find they depict child pornography.

**II. DISCUSSION**

Appellant contends that his guilty plea to all parts of the allegation that he wrongfully possessed child pornography was not provident. Specifically, Appellant argues the plea inquiry with the military judge failed to elicit a sufficient fact basis to sustain his plea to the subset of the specification related to "actual" minors. We disagree.

**A. Additional Background**

The military judge began the guilty plea inquiry by explaining to Appellant the elements of the offenses and all relevant definitions. The military judge first explained to Appellant the elements for the offense of possession of child pornography:

> First, that within the continental United States, between on or about 2 December 2020 and on or about 3 November 2023, [Appellant] knowingly and wrongfully possessed child pornography, to wit: digital images and videos of . . . a minor or what appears to be a minor engaging in sexually explicit conduct;

> And, second, that under the circumstances [his] conduct was of a nature to bring discredit upon the armed forces.

In terms of the definitions related to these elements, the military judge stated:

> Child pornography means material that contains a visual depiction of an actual minor engaging in sexually explicit conduct. Child pornography also means material that contains an obscene visual depiction of a minor engaging in sexually explicit conduct. Such a depiction need not involve an actual minor, but instead only what appears to be a minor.

The military judge then defined "obscene," explaining:

> Obscene means what an average person applying contemporary community standards would find that the visual images depicting minors engaging in sexually explicit conduct, when taken as a whole, appeal to the prurient interest in sex and portray sexual conduct in a patently offensive way, and that a reasonable person would not find serious literary, artistic, political, or scientific value in the visual images depicting minors engaging in sexually explicit conduct.

Finally, the military judge defined "[m]inor" and "child" to mean "any person under the age of 18 years."

The military judge then confirmed that Appellant understood the elements and definitions, did not have any questions about any of them, and understood that his guilty plea admitted that the elements and definitions taken together accurately described his conduct.

As part of the plea colloquy, Appellant described in his own words why he was guilty of possessing child pornography. His explanation was consistent with the stipulation of fact, and Appellant provided additional information related to the offense. He described the process of how he searched for child pornography, and then how he downloaded and stored the files. Appellant also acknowledged that he was "aware" that NCMEC confirmed that "a number of the files" contained child pornography. Finally, he agreed that he had no legal justification or excuse for his actions, and, by possessing child pornography, he "failed to live up to the high standards that apply to members of the military."

After Appellant provided his statement regarding his guilt, the military judge conducted additional inquiry to validate the providence of Appellant's guilty plea and the following exchange took place:

> [Military Judge (MJ)]: Did you know at the time that the images constituted child pornography?
>
> [Appellant]: Yes, Your Honor.
>
> MJ: And do you believe and admit that the material constituted child pornography as I have defined that term for you?
>
> [Appellant]: Yes, Your Honor.
>
> MJ: What do you believe makes the material child pornography?
>
> [Appellant]: The . . .[5]
>
> MJ: If you need to take a minute to speak with your counsel, please feel free.
>
> [Appellant and trial defense counsel conferred.]
>
> [Appellant]: The videos and images depict what appears to be minors engaging in sexual activity.
>
> MJ: Okay. All right. Did the material include a visual depiction of an actual minor engaging in sexually explicit conduct or an obscene depiction of what appears to be a minor engaging in sexually explicit conduct or both?
>
> [Appellant and trial defense counsel conferred.]

---

[5] Ellipses in original transcript.

> [Appellant]: While the images and videos do not directly show the age of the individuals depicted, the content does appear to be minors and minor-like individuals.
>
> MJ: Okay. Although the ages of the individuals in the photographs and videos is not explicitly stated, could you describe generally the ages, body characteristics that cause you to believe that they were minors?
>
> [Appellant and trial defense counsel conferred.]
>
> [Appellant]: In the pictures and videos, the individuals appear to be between the ages of 8 and 16. I know this is due to the fact of the individuals appear to be in various stages of puberty.

**B. Law**

This court reviews "questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). However, we review a military judge's decision to accept an accused's guilty plea for an abuse of discretion. *United States v. Riley*, 72 M.J. 115, 119 (C.A.A.F. 2013) (quoting *Inabinette*, 66 M.J. at 322). In determining whether a military judge abused her discretion in accepting a guilty plea as provident, "an appellate court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused's statements." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996).

"During a guilty plea inquiry[,] the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Forbes*, 78 M.J. 279, 281 (C.A.A.F. 2019) (citation omitted). "A plea is provident so long as [the a]ppellant was 'convinced of, and [was] able to describe, all of the facts necessary to establish [his] guilt.'" *United States v. Murphy*, 74 M.J. 302, 308 (C.A.A.F. 2015) (second and third alterations in original) (quoting *United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F. 2003)). The military judge may consider both the stipulation of fact and the inquiry with the appellant when determining if the guilty plea is provident. *United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014) (citation omitted). However, Article 45(a), UCMJ, 10 U.S.C. § 845(a), requires military judges to reject a plea of guilty "if it appears that [an accused] has entered the plea of guilty improvidently." 10 U.S.C. § 845(a).

"If an accused 'sets up matter inconsistent with the plea' at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) (quoting Article 45(a), UCMJ). "Military judges often can 'resolve' apparent inconsistencies by asking the accused questions and receiving answers that show no actual inconsistency exists." *United States v.*

*Saul*, __ M.J. __, No. 24-0098, 2025 CAAF LEXIS 578, at *7–8 (C.A.A.F. 21 Jul. 2025) (citations omitted).

The elements of the offense to which Appellant pleaded guilty are: (1) that Appellant knowingly and wrongfully possessed child pornography; and (2) that under the circumstances, the conduct of Appellant was of a nature to bring discredit upon the armed forces. *Manual for Courts-Martial, United States* (2019 ed.) (*MCM*), pt. IV, ¶ 95.b.(1). "Child pornography" is defined as "material that contains either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of an actual minor engaging in sexually explicit conduct." *MCM*, pt. IV, ¶ 95.c.(4).

**C. Analysis**

The question as to whether Appellant's guilty plea to the offense of "child pornography" is provident is not in question here. Rather, Appellant contends that the specification outlining his guilt is partially defective because the specification alleged that he possessed "digital images of a minor, *or* what appeared to be a minor," (emphasis added), when Appellant never specifically admitted to the military judge that the images involved "actual minors." Although the use of disjunctive language in a specification may present difficulties in many cases, the evidence in the record does not support such an issue here.

Here, after providing Appellant with the elements and definitions related to the possession of child pornography, the military judge asked Appellant to explain his guilt in his own words. During his explanation, Appellant used the generic term "child pornography" to describe the visual depictions that he downloaded and stored, and he never distinguished whether this material involved minors or what appeared to be minors. When asked a follow-up question by the military judge about what made him believe the material was child pornography, Appellant specified that "[t]he videos and images depict what appears to be minors engaging in sexual activity." Then, when pressed about whether his conduct involved an "actual minor" or "what appears to be a minor," or "both,"[6] Appellant provided an explanation related to his understanding of the ages of the individuals depicted in the images and video, by describing them as "appear[ing] to be minors and minor-like individuals." During his exchanges with the military judge, Appellant never specifically admitted that any of the visual depictions were "actual" minors. Conversely,

---

[6] In the context of the definitions provided by the military judge, the term distinguishes "virtual" images of from "actual" images. *See, e.g., United States v. O'Connor*, 58 M.J. 450, 453–54 (C.A.A.F. 2003).

Appellant also never affirmatively expressed his belief that the visual depictions were not "actual minors."

Appellant admitted the visual depictions were actual minors in the stipulation of fact and never contradicted those admissions during the providence inquiry. The stipulation of fact detailed the existence of 32 images and 13 videos that were described as "actual" child pornography. Additionally, NCMEC confirmed 12 images and 3 videos were "known" child pornography. Similarly, the portion of the stipulation of fact that described the contents of a disk attached to the stipulation consistently described the contents as containing "minors, or what appears to be minors," and one sentence explained the images depict "sexual intercourse" involving "a minor and an adult male" and "a minor and another minor." In terms of the actual images and videos attached to the stipulation of fact, the images and videos appeared quite real, and there is no reasonable basis to conclude that Appellant believed they all must have been virtual.

Absent any clear language from his providence inquiry, a look to the context of the remaining record demonstrated Appellant understood that the "child pornography" in his case represented obscene visual depictions of a minor engaging in sexually explicit conduct or visual depictions of an actual minor engaging in sexually explicit conduct. Appellant refers to individuals between 8 and 16 years old and discusses the various stages of puberty these individuals are in during his care inquiry making it clear he is referring to actual children. Reading these statements in conjunction with the stipulation of fact make it clear Appellant admitted to possession of child pornography that included images of actual minors.

Although it would have been helpful for the military judge to have obtained more clarification into the "actual minor" issues during the plea colloquy, Appellant's omission of this phrase in the context of the entire record did not create a "substantial conflict" necessitating a partial invalidation of his plea. The military judge properly considered the stipulation of fact and its attachments when she determined Appellant's plea was provident. We are confident that Appellant understood that he possessed visual depictions of "minors, or what appears to be minors," and the military judge did not abuse her discretion when she accepted his plea.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court