**UNITED STATES, Appellee**

v.

**Harmon BROWNLOW, Specialist U.S. Army, Appellant.**

No. 68,257.
CMR No. 9100760.

U.S. Court of Military Appeals.

Argued Jan. 6, 1994.

Decided July 20, 1994.

For Appellant: *Captain Don F. Pollack* (argued); *Colonel Malcolm H. Squires, Jr.,*

*Lieutenant Colonel James H. Weise, Captain Robert Lane Carey* (on brief); *Colonel Stephen D. Smith* and *Captain Lida A. S. Savonarola,* USAR.

For Appellee: *Major Kenneth T. Grant* (argued); *Colonel Dayton M. Cramer, Major Joseph C. Swetnam, Captain Steven M. Walters* (on brief); *Major Timothy Lucas.*

*Opinion of the Court*

WISS, Judge:

A military judge sitting alone as a general court-martial convicted appellant, contrary to his pleas, of missing movement through design and willfully disobeying the order of a superior commissioned officer (2 specifications), in violation of Articles 87 and 90, Uniform Code of Military Justice, 10 USC § 887 and 890, respectively. The judge sentenced appellant to a dishonorable discharge, confinement for 6 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Military Review affirmed in an unpublished opinion.

On appellant's petition, we granted review to decide "whether additional Charge I (disobeying a lawful order) should be dismissed where the record indicates appellant's ultimate offense was missing movement (Charge I), in violation of Article 87." [1] We now decide that appellant's argument in support of this issue lacks merit.

I

Twice before the events leading to this prosecution, appellant had not deployed with his unit to Saudi Arabia because of a mending fracture of his leg. On a third occasion for deployment to that area to participate in Operation Desert Shield/Desert Storm, appellant had been granted extra time so that he could help a friend clear her quarters pursuant to a power-of-attorney from her.

---

1. We also granted review of an issue that, since, has been decided in favor of the Government by the Supreme Court of the United States in *Weiss* v. *United States*, — U.S. —, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

The charges of which appellant stands convicted emanated from a fourth effort to deploy him.

On January 17, 1991, appellant's platoon sergeant read the names from a manifest of persons to deploy on the morning of January 20; it included appellant's. That afternoon, appellant went to the hospital and scheduled foot surgery for January 25. The record reflects several back-and-forths by appellant between medical personnel and his command, all in an effort by appellant to use a medical profile to avoid deployment.

Three months earlier, however, a Department of the Army message gave to commanders full discretion to override physical profiles of soldiers scheduled for deployment. Message, HQ, Dept. of Army, DAPE–MPE–OR, 191813Z Oct 90, subject: Temporary Suspension of Formal MMRB Process During Desert Shield, Desert Shield Policy Number 37. Under the terms of the message, commanders were to review such profiles and consult with doctors if they had any questions, but in any event the commander had the final authority on whether a profile would prohibit deployment.

In furtherance of making this decision as January 20 drew nearer, appellant's command directly contacted appellant's doctor to clarify his medical condition. The command explained the critical nature of appellant's job skill and asked whether the scheduled surgery was crucial or could wait until Desert Storm was over. The doctor indicated that the surgery was elective, not crucial, and could await the end of Desert Storm.

On January 19, Second Lieutenant Morris told appellant this and informed him that he would deploy on January 20 as planned. Appellant became upset. He became so disrespectful that he had to be brought to attention. 2LT Morris ordered appellant, "Report to SFC McKendall's office at 0530 on 20 January prepared to fly with your bags."

Appellant responded, "You can write me up now 'cause I'm not going."

At the appointed time the next morning, appellant did not show up. Efforts to locate him were unsuccessful, and the aircraft left later that morning at 0945 as scheduled, without him.

II

In this Court appellant complains that his superior officer's order was not enforceable because it was not the ultimate offense and because the disobedience offense is multiplicious for findings with the offense of missing movement through design. Our decision in *United States v. Traxler*, 39 MJ 476 (CMA 1994), is fully dispositive of both claims against appellant.

The record fully reflects that appellant knew he had a duty to deploy; that he had demonstrated his unambiguous intent not to do so; that, when told he had to deploy notwithstanding his foot problem, he became measurably upset; and that, as more than "just a reminder to make the movement" (CMR unpub. op. at 4), appellant was brought to attention and personally and directly ordered by his superior officer to report at a time and date certain to a place certain with specific gear and prepared to deploy. The gravamen of appellant's disobedience of that order was a flagrant defiance of the office of 2LT Morris, and it is chargeable and punishable[2] as such. *Id.* and cases cited therein.

III

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.

2. Any issue whether the offenses are multiplicious for sentencing under the facts of this case was mooted when the military judge treated them as such. To the extent that appellant seeks a windfall of a ruling that would reduce the maximum sentence to the lower level of confinement authorized for missing movement rather than the higher level for disobedience, our opinion in *United States v. Traxler*, 39 MJ 476 (1994), is dispositive against him.