**UNITED STATES, Appellee**

v.

**Antonio R. HENDERSON, Private
U.S. Marine Corps, Appellant.**

No. 95–0324.
Crim.App. No. 93 1966.

U.S. Court of Appeals for
the Armed Forces.

Submitted May 30, 1995.

Decided July 30, 1996.

For Appellant: *Lieutenant James T. Mahoney*, JAGC, USNR (on brief).

For Appellee: *Commander D.H. Myers*, JAGC, USN and *Lieutenant David M. Harrison*, JAGC, USNR (on brief); *Colonel J. Composto*, USMC and *Commander S.A. Stallings*, JAGC, USN.

PER CURIAM:

A general court-martial at Naval Base, Norfolk, Virginia, convicted appellant of unauthorized absence, failing to obey various orders, making false claims, dishonorably failing to pay a just debt, and dishonorably failing to maintain funds to cover checks

previously written, in violation of Articles 86, 90, 91, 132, and 134, Uniform Code of Military Justice, 10 USC §§ 886, 890, 891, 932, and 934, respectively. The members sentenced him to a bad-conduct discharge, confinement for 8 months, and total forfeitures. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed the findings and sentence.

We granted appellant's petition for review to determine whether he was properly convicted of willfully disobeying the order of a noncommissioned officer (NCO) (specification 1 of Charge III) or whether the ultimate offense was the much less serious crime of failing to go to his appointed place of duty.[1] Having considered the briefs of the parties and the record of trial, we agree with appellant that he should not stand convicted of disobedience under specification 1.

Succinctly stated, the facts show that on Friday, October 4, 1991, at 7:30 a.m., appellant's platoon sergeant, Staff Sergeant (SSGT) Jones, observed appellant in his barracks. SSGT Jones testified that he ordered appellant to get into a uniform and report to the platoon's regularly scheduled Friday formation at 8:00 a.m. There was other evidence that appellant's commanding officer, Lieutenant Colonel (LCOL) Kelly, had a "standing order" for a formation at 8:15 a.m. on Fridays. Appellant did not report to the formation, but commenced an unauthorized absence that was terminated later that day when he was apprehended by another NCO.

Both prior to pleas and after the Government had rested, appellant moved to dismiss specification 1 of Charge III alleging disobe-

dience of SSGT Jones. The thrust of the motion was that the order violation was merely a failure to report and, thus, was an unreasonable multiplication with Charge I and its specification alleging unauthorized absence commencing at the time appellant missed the formation. The military judge denied both motions.[2]

■ We hold that the Government failed to establish that the order by SSGT Jones "represented a measured attempt to secure compliance" with the "pre-existing" duty to be at formation. *See United States v. Traxler,* 39 MJ 476, 479 (CMA), *cert. denied,* —— U.S. ——, 115 S.Ct. 515, 130 L.Ed.2d 421 (1994). The order was given some 45 minutes prior to the formation, and no immediate response was required. Thus, the circumstances were not such that appellant's failure to report amounted to a serious, direct flouting of military authority. *Compare United States v. Brownlow,* 39 MJ 484 (CMA 1994), *with United States v. Peaches,* 25 MJ 364 (CMA 1987).

■ In determining whether there was a willful disobedience of an order, we will look at the nature of the order, *United States v. Bratcher,* 18 USCMA 125, 128, 39 CMR 125, 128 (1969); the source and content of the order, *id.*; and the nature of the disobedience, *i.e.,* intentional defiance of authority, *United States v. Nixon,* 21 USCMA 480, 486, 45 CMR 254, 260 (1972)(Darden, C.J., dissenting), and *United States v. Bratcher, supra.* Albeit appellant had a substantial history of similar misconduct,[3] it could not be said from this record that the sergeant's

---

1. The issue granted review was:

WHETHER THE EVIDENCE ADMITTED AT TRIAL ESTABLISHES WILLFUL DISOBEDIENCE OF A LAWFUL ORDER IN VIOLATION OF ARTICLE 91(2), UCMJ, OR MERELY ESTABLISHES AN UNAUTHORIZED ABSENCE PUNISHABLE UNDER ARTICLE 86, UCMJ, WHERE APPELLANT WAS ORDERED TO REPORT FOR A ROUTINE FORMATION AND FAILED TO DO SO.

2. Appellant did not renew this claim before the Court of Criminal Appeals. Consequently, in its answer to the supplement, the Government suggested that if we found any merit to the issue raised by counsel, we should remand the case for

further proceedings. Due to the nature of the issue, we have concluded that the interest of having the case finalized under Article 71(c), Uniform Code of Military Justice, 10 USC § 871(c), outweighs any need for such remand action. *See United States v. Johnson,* 42 MJ 443, 445 (1995).

3. Appellant had three different incidents of nonjudicial punishment under Article 15, UCMJ, 10 USC § 815, dated April 3, 1990; June 15, 1990; and March 12, 1991: two for violations of Article 86, UCMJ, 10 USC § 886, and one for violation of Article 92, UCMJ, 10 USC § 892. Further, appellant had a summary court-martial dated July 3, 1991, for another Article 86 violation.

order here was anything more than a reminder to appellant to get dressed quickly or he would miss formation. The order does not go to an extremely important duty, and lastly, there is no indication in this record of an open defiance by appellant.

In sum the Government failed to establish that the order given by SSGT Jones was anything more than a direction to obey LCOL Kelly's standing order that appellant be at the command's Friday morning formation. Under these circumstances, the ultimate offense was a violation of Article 86, not Article 91. Because this offense was necessarily included in appellant's unauthorized absence of the same date, the findings of guilty must be set aside and that disobedience specification dismissed.

■ Ordinarily in such circumstances we would return this record to the Court of Criminal Appeals for reassessment of the sentence. However, appellant was convicted of a plethora of other offenses including making false claims for dependency allowances, willfully disobeying the command of a commissioned officer and of a different NCO, and dishonorably failing to maintain sufficient funds to cover a number of checks he had written. We are, therefore, "highly confident" that the finding of guilty to this dismissed offense "played no appreciable role in the adjudication of … [appellant's] punishment." *See United States v. Fox*, 10 MJ 176, 177 (CMA 1981), *quoting United States v. Thompson*, 22 USCMA 88, 91, 46 CMR 88, 91 (1972). Therefore, further proceedings at the court below are unnecessary.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is reversed as to specification 1 of Charge III. The finding of guilty thereof is set aside, and that specification is dismissed. In all other respects the decision below is affirmed.