# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and ARGUELLES[1]
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 MARK A. HAYGOOD**
**United States Army, Appellant**

ARMY 20190555

Headquarters, National Training Center and Fort Irwin
Mark A. Bridges and Joseph A. Keeler, Military Judges
Lieutenant Colonel Philip M. Staten, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Kyle C. Sprague, JA; Captain Thomas J. Travers, JA (on brief); Colonel Michael C. Freiss, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Kyle C. Sprague, JA; Captain Thomas J. Travers, JA (on reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Dustin B. Myrie, JA; Major Austin I. Price, JA (on brief).

30 September 2020

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BROOKHART, Senior Judge:

A military judge sitting as a general court martial convicted appellant, pursuant to his pleas, of eight specifications of failing to go at the time prescribed to his appointed place of duty; two specifications of leaving his appointed place of duty without authority; one specification of disrespect toward a superior commissioned officer; two specifications of willfully disobeying a superior commissioned officer; three specifications of willfully disrespecting a noncommissioned officer; five specifications of willfully disobeying a noncommissioned officer; two specifications of failing to obey a lawful order; one specification of wrongfully damaging property other than military property amounting to less than $1,000.00; and one specification

-----

[1] Judge Arguelles decided this case while on active duty.

of disorderly conduct, in violation of Articles 86, 89, 90, 91, 92, 109, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 889, 890, 891, 892, 909, and 934 [UCMJ].[2]

The military judge sentenced appellant to a bad-conduct discharge, confinement for 288 days, and forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged.[3]

This case is before the court for review pursuant to Article 66, UCMJ. Appellant's sole assignment of error is that there was not an adequate basis in law and fact to support his guilty plea to two of the Article 91, UCMJ specifications. For the reasons that follow, as to one of the specifications at issue, Specification 5 of Charge IV, we agree and provide relief in our decretal paragraph.[4]

## BACKGROUND

The offenses in this case occurred on Fort Irwin, California between December 2018 and May 2019. At issue here are Specifications 5 and 8 of Charge IV, in which appellant pleaded guilty to two violations of willfully disobeying a noncommissioned officer, in violation of Article 91, UCMJ.

Specification 5 alleged:

> In that Private E-1 Mark A. Haygood, U.S. Army, having received a lawful order from Sgt Justin Sarmiento, a Noncommissioned Officer, then known by said Private E2 [sic] Mark A. Haygood to be a Noncommissioned Officer,

---

[2] As part of the plea agreement, the government agreed to dismiss one specification of assault consummated by battery and one specification of burglary in violation of Articles 128 and 129, UCMJ.

[3] Although this case was referred on 5 July 2019 and 8 August 2019, per the convening authority's action the sentence was both "approved" and "executed." For cases referred after 1 January 2019, the convening authority is no longer required to "execute" the sentence. Rule for Courts-Martial [R.C.M.] 1102. To the extent this was error, however, it was neither jurisdictional nor prejudicial to appellant's right to seek clemency. *Cf. United States v. Coffman*, 79 M.J. 280 (Army Ct. Crim. App. 2020).

[4] We have also given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

2

to stand by your door at 0600 hours for inspection, an order which it was his duty to obey, did, at or near Fort Irwin, California, on or about 18 February 2019, willfully disobey the same.

Specification 8 alleged:

In that Private E-1 Mark A. Haygood, U.S. Army, having received a lawful order from SSG Samantha Jo Licon, a Noncommissioned Officer, then known by said Private E2 [sic] Mark A. Haygood to be a Noncommissioned Officer, to be outside of your barracks room at 1700 hours for the Command Sergeant Major walkthrough, an order which it was his duty to obey, did, at or near Fort Irwin, California, on or about 19 March 2019, willfully disobey the same.

Prior to discussing the two specifications at issue, the military judge thoroughly explained the ramifications of appellant's guilty plea and the rights he was forfeiting by virtue of his plea. The military judge also explained the meaning and purpose of the stipulation of fact, ensuring that appellant fully understood and agreed to it. The military judge continually confirmed appellant's understanding of the process and its consequences.

As part of the providence inquiry, the military judge explained that "willful disobedience" means "an intentional defiance of authority." When asked why he was guilty of the offense alleged in Specification 5 of Charge IV, appellant stated that he knew of the order to be outside his barracks door at 0600 and failed to show up as ordered. He told the military judge, "I was still asleep and I failed to open the door." During follow-up questioning from the military judge, appellant reiterated that he "willfully disobeyed the order" and that medication was not to blame. He stated, "I just didn't wake up." Similarly, in his stipulation of fact, appellant admitted to willfully disobeying Sergeant Sarmiento's order "by being absent for this inspection."

As it pertains to Specification 8 of Charge IV, appellant admitted that he knew of the order to be outside of his barracks at 1700 hours and that he "did not show up." Although he did not remember specifically what he was doing at the time, appellant stated that he was not following orders to be somewhere else, but rather, "I just didn't go." Appellant subsequently confirmed that he "willfully disobeyed the order." In his stipulation of fact appellant admitted that "[d]espite having knowledge of this lawful order [to be at his door at 1700], I willfully disobeyed it."

**LAW AND DISCUSSION**

We review a military judge's acceptance of a guilty plea for an abuse of discretion, and questions of law arising from the guilty plea de novo. *United States v. Murphy*, 74 M.J. 302, 305 (C.A.A.F. 2015) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)).

The elements of willfully disobeying the lawful order of a noncommissioned officer in violation of Article 91, UCMJ, are: (1) the accused was an enlisted service member; (2) the accused received a certain lawful order from a noncommissioned officer; (3) the accused knew that the person who gave the order was a noncommissioned officer; (4) the accused had a duty to obey the order; and (5) the accused willfully disobeyed the order. *Manual for Courts-Martial, United States* (2019 ed.), pt. IV, ¶ 17.b.(2). Appellant does not dispute the first four elements. Rather, he asserts that the military judge failed to establish a sufficient factual basis that his failure to show up for either inspection was "willful."

When an appellant has pleaded guilty, the validity of the conviction "must be analyzed in terms of the providence of his plea, not sufficiency of the evidence." *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996). The military judge is responsible for determining whether there is an adequate basis in law and fact to support a guilty plea. *Inabinette*, 66 M.J. at 322 (citation omitted). To that end, a providence inquiry must establish "not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea." *United States v. Higgins*, 40 M.J. 67, 68 (C.M.A. 1994) (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)). It is not sufficient to merely obtain the accused's consent to the elements as defined, rather, the military judge must question the accused "about what he did or did not do, and what he intended" in order to establish the providence of his plea. *United States v. Care*, 40 C.M.R. 247, 253 (1969). A military judge abuses this discretion where he fails to obtain an adequate factual basis to support the plea. *Inabinette*, 66 M.J. at 322.

In reviewing a military judge's acceptance of a plea, we apply a substantial basis test: "Does the record as a whole show 'a substantial basis' in law and fact for questioning the guilty plea." *Id.* (citations omitted). Put another way, once the military judge accepts the plea and enters a finding, "an appellate court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused's statements or other evidence of record," to include the stipulation of fact. *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996); *United States v. Sweet*, 42 M.J. 183, 185 (C.A.A.F. 1995) (in determining whether a guilty plea is provident, the military judge may consider "the facts contained in the stipulation [of fact] along with the inquiry of appellant on the record"). Finally, the "mere possibility" of such a conflict between the plea and appellant's statements is

4

not a sufficient basis to overturn the trial results. *Garcia*, 44 M.J. at 498 (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

*Specification 5*

With respect to Specification 5 of Charge IV, appellant argues that the military judge erred by failing to establish an adequate factual basis for his plea. Specifically, appellant argues that the factual inquiry does not demonstrate he possessed the required *mens rea* for the offense of willfully disobeying a lawful order from a noncommissioned officer. We agree.

The willful element of the offense, as defined by the military judge, requires "an intentional defiance of authority." *United Sates v. Henderson*, 44 M.J. 232, 233 (C.A.A.F. 1996) (per curiam) (citing *United States v. Nixon*, 45 C.M.R. 254, 260 (1972) (Darden, C.J., dissenting); *United States v. Bratcher*, 39 C.M.R. 125, 128 (1969)). While appellant admitted directly to the military judge, and also in the stipulation of fact, that he willfully disobeyed the order, those statements were conclusory and were not ultimately supported by the factual basis provided to the military judge. When questioned about the underlying facts, appellant admitted only that he "just didn't wake up" and was "still asleep" at the time prescribed in the order. Those facts alone do not demonstrate an intentional defiance of authority, but rather suggest negligence or some lesser *mens rea*. *See, e.g., United States v. Bush*, 2007 CCA LEXIS 259, at *3–4 (A.F. Ct. Crim. App. 13 June 2007) (per curiam) (finding the appellant's testimony that he "just kind of nodded off" inconsistent with his plea to willful dereliction for sleeping on duty). Although we normally accord military judges significant deference in finding an adequate factual basis for a plea, under these facts, we find there is a substantial question as to whether appellant's actions were willful. Therefore, we agree with appellant that the military judge abused his discretion by accepting appellant's plea to Specification 5 of Charge IV without establishing appellant possessed the required *mens rea*.

We do find that appellant was provident to the remaining elements of the offense of willful disobedience of a noncommissioned officer. Accordingly, we affirm a finding of guilty to the lesser-included offense of failure to obey other lawful order, in violation of Article 92, UCMJ, which shares all the same elements except willful disobedience. *MCM*, pt. IV, ¶ 18.b.(2); *see* UCMJ art. 59(b); *see also United States v. Jones*, ARMY 20110974, 2015 CCA LEXIS 132, at *7 (Army Ct. Crim. App. 3 Mar. 2015) (summ. disp.) (citing *United States v. Ranney*, 67 M.J. 297, 298–99 (C.A.A.F. 2009)). We reassess appellant's sentence in our decretal paragraph.

*Specification 8*

Appellant's challenge to Specification 8 of Charge IV, however, is without merit. In response to the military judge's questioning, he stated that he knew of Staff Sergeant Licon's order and willfully disobeyed it by not appearing for the inspection. The military judge also established that appellant had no lawful excuse or justification for his absence, but rather voluntarily chose to be elsewhere. Given that there are no specifications alleging that appellant struck or was disrespectful to a noncommissioned officer, appellant's claim that "[t]here were no additional details about any confrontation with a noncommissioned officer, subversive comments, or defiant deportment" misses the mark entirely. Unlike Specification 5 of Charge IV, based on this record, there is not a "mere possibility" that appellant's conduct in disobeying the order was anything other than willful.

Finally, the cases that appellant cites are easily distinguishable. In *United States v. Henderson*, our superior court held that the relevant factors in determining whether there is a violation of Article 91, UCMJ, include the nature and source of the order, and whether or not there was an intentional defiance of authority. 44 M.J. 232, 233 (C.A.A.F. 1996) (per curiam). The order at issue in *Henderson* was nothing more than "a reminder to get dressed quickly or he would miss formation," and there was no evidence that the appellant openly defied it. *Id.* at 234. In contrast, the order at issue in Specification 8 did *not* merely pertain to "standing order" formations and, more significantly, appellant intentionally defied it.

In *United States v. Thompkins*, our superior court held that willful disobedience is intentional defiance and not merely "failure to comply with an order through heedlessness, remissness, or forgetfulness." 58 M.J. 43, 45 (C.A.A.F. 2003) (citation omitted). For the reasons set forth above, appellant's failure to appear at the 1700 inspection was not the result of heedlessness or forgetfulness; rather, it resulted from his act of intentional defiance.

**CONCLUSION**

The finding of guilty to Specification 5 of Charge IV is SET ASIDE. A finding of guilty to the lesser-included offense of failure to obey other lawful order, in violation of Article 92, UCMJ, is AFFIRMED. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated in *United States v. Winckelmann*, 73 M.J. 11, 15–16 (C.A.A.F. 2013). We find no dramatic change in the penalty landscape that might cause us pause in reassessing appellant's sentence. A military judge tried and sentenced appellant. Further, the nature of the remaining

offenses still captures the gravamen of the original offenses and the circumstances surrounding appellant's conduct. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's course of conduct, the military judge sitting alone as a general court-martial, would have imposed a sentence of at least that which was adjudged.

Reassessing the sentence based on the noted error and the remaining findings of guilty, we AFFIRM the sentence as adjudged[5]. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Chief Judge KRIMBILL concurs.

Judge ARGUELLES, concurring in part and dissenting in part:

I concur with the majority's judgment as to Specification 8 of Charge IV but I respectfully disagree with the majority's determination that the military judge abused his discretion in accepting appellant's guilty plea to Specification 5 of Charge IV. I find a sufficient factual basis in the record to sustain appellant's guilty plea to Specification 5 of Charge IV.

The issue on review is not whether in hindsight the military judge *could* have asked additional follow-up questions, but is rather whether the military judge abused his discretion in accepting the plea on the basis that the colloquy and stipulation of fact sufficiently established willful disobedience. *See United States v. Wear*, ARMY 20160508, 2018 CCA LEXIS 212, *6 (Army Ct. Crim. App. 27 Apr. 2018) (summ. disp.) (noting the substantial discretion afforded to military judges in determining when additional inquiry is warranted).

As noted above, after acknowledging that he understood the term "willful disobedience" to mean an "intentional defiance of authority," appellant admitted that he willfully disobeyed the order by sleeping in. When offered the chance to explain if medication was the cause for his conduct, appellant reiterated that he "just didn't wake up." If appellant's failure to get up was negligent instead of intentional, *i.e.* he forgot to set an alarm, his battle buddy failed to wake him up, etc., he was afforded the opportunity to say so when asked about the medication. Instead, two questions later appellant again reiterated that in failing to be outside his door at 0600 he "willfully disobeyed" SGT Sarmiento's order. *See Inabinette*, 66 M.J. at

---

[5] The Judgment of the Court dated 16 September 2019, is modified to reflect that appellant was credited with 117 days credit against his sentence to confinement, as noted in the convening authority action.

322 ("There exist strong arguments in favor of giving broad discretion to military judges in accepting pleas, not least because facts are by definition undeveloped in such cases."). Likewise, in his stipulation of fact, appellant again acknowledged that he "willfully disobeyed" the order. *See United States v. Forbes*, 78 M.J. 279, 282 (C.A.A.F. 2019) ("Appellant agreed he understood each element and definition and agreed that they accurately described the conduct as charged.").

Based on this record and given our mandate to afford substantial deference to the military judge's determination as to whether to conduct additional inquiry, there is no "substantial conflict" between the plea and the accused's statements. Put another way, there was nothing in either appellant's providence inquiry or his stipulation of fact that should have caused the military judge to be concerned that appellant's failure to be outside his door at 0600 was anything other than willful disobedience. *Cf. Bush*, 2007 CCA LEXIS 259, at *3 (finding the military judge erred in accepting the appellant's guilty plea where the appellant stated during providence that he did not willfully fail to stay awake but was rather tired "and just kind of nodded off").

To the contrary, as was the case in *Forbes*, the military judge in this case "conducted a more than adequate plea inquiry—clarifying concepts, defining terms, summarizing the law, and repeatedly pausing to ensure [a]ppellant's understanding." 78 M.J. at 282. In so doing, the military judge determined that "there was an adequate basis in law and fact to accept [the] pleas," and did not abuse his discretion in accepting them. *Id.* Consequently, I disagree with my colleagues and would affirm the finding of guilty to Specification 5 of Charge IV.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

8